UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| SAMANTHA M. SMITH, et al., | ) |
| Plaintiff(s), | ) |
| vs. | ) Case No. 2:07CV00012 ERW |
| PIKE COUNTY R III SCHOOL, et al., | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This case comes before the Court on Defendant Darin Flesner's Motion to Dismiss [doc. #4].

**I.  BACKGROUND FACTS**

Plaintiff Samantha Smith, and her parents Vernon Smith and Debra Smith ("Plaintiffs"), state that in December 2003, Plaintiff Samantha Smith was subjected to sexual comments, advances and harassment by Defendant Flesner, and that Defendant Flesner's actions continued through the 2003-2004 school year.  Plaintiffs also allege that Defendant Flesner engaged in unwanted sexual intercourse with Samantha Smith in December 2003.  Plaintiffs state that Defendants Tim Reller and Jerry Reisinger failed to report Defendant Flesner's actions to the proper authority.  Additionally, Plaintiffs claim that Defendant Pike County R III School breached their duty to Samantha Smith in the negligent hiring, retention and supervision of Defendant Flesner.

Plaintiffs filed suit on February 14, 2007 against Defendants for alleged constitutional,

1

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Missouri statutory, and Missouri common law violations. Defendant Flesner did not file an answer, but rather filed the pending motion to dismiss. Defendant Flesner moves to dismiss Plaintiff Samantha Smith's claims of Childhood Sexual Abuse (Count VI) and Breach of Duty (Count VII) under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Additionally, Defendant Flesner moves to dismiss each Plaintiff's claim for intentional infliction of emotional distress (Counts V, X and XII) based on the tolling of the statute of limitations. Defendant's motion is fully briefed and currently pending before this Court.

## II. STANDARD OF REVIEW

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the Court must assume that all material facts alleged in the complaint are true. *Davis v. Monroe City Bd. of Educ.*, 526 U.S. 629, 633 (1999). The court must view all facts and inferences in the light most favorable to the non-moving party. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1969 (2007). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show, on the face of the complaint, that there is some insuperable bar to relief." *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316, 317 (8th Cir. 2004) (*quoting Frey v. Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff cannot prove any set of facts" that would entitle the plaintiff to

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

relief. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002) (*citing Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993)).

**III. DISCUSSION**

    **A. FAILURE TO STATE A CLAIM, COUNT VI**

Defendant Flesner moves to dismiss Count VI for failing to state a claim upon which relief may be granted because Plaintiffs do not detail under what specific Child Sexual Abuse statute Defendant Flesner's conduct falls.[1] The pleading standards under the Federal Rules are quite low. Rule 8 states that: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . .(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although pleading requirements under the Federal Rules are not intended to be burdensome, in the present case, Plaintiffs' allegations in Count VI fail to state the Child Sexual Abuse statute on which they rest, and therefore are so vague that Defendant Flesner cannot "reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).

"The decision whether to allow a party to amend [his] complaint 'is left to the sound discretion of the district courts.'" *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 620 (8th Cir. 1995) (*quoting Humphreys v. Roche Boomed. Lab., Inc.*, 990 F.2d 1078, 1081 (8th Cir. 1993)). The Federal Rules provide that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir. 1995). "A liberal policy toward allowing amendments to correct errors in the pleadings clearly is desirable and

---

[1] Mo. Rev. Stat. § 537.046 specifically defines Childhood Sexual Abuse as an act that "would have been a violation of section 566.030, 566.040, 566.050, 566.060, 566.070, 566.080, 566.090, 566.100, 566.110, or 566.120, RSMo, or section 568.020, RSMo."

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

furthers one of the basic objectives of the federal rules - the determination of cases on their merits." Wright & Miller, *Federal Practice and Procedure*, §1474, at 533-536.

Leave to amend should be granted absent a good reason for denial, "such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004) (*citing Becker v. Univ. of Nebraska at Omaha*, 191 F.3d 904, 907-908 (8th Cir. 1999)). The reasons cited in *Bediako* for denying a motion for leave to amend are inapplicable to the present case. First, this amendment would not require any additional discovery or change of any trial schedule. Second, Plaintiffs are not trying to add any claims or defendants by amendment. Third, Plaintiffs have not shown any bad faith in failing to enumerate the Child Sexual Abuse statute on which their claim relies. Fourth, Plaintiffs have not previously requested leave to amend their pleadings. Finally, the defect in Plaintiffs' Complaint can be cured through this amendment. Just like in *Bediako*, no justification has been shown supporting denial of Plaintiffs' request for leave to amend. Therefore, Plaintiffs shall be given until September 17, 2007 to amend Count VI of their petition.

### B. STATUTES OF LIMITATION, COUNTS V, X & XII

The running of the statute of limitations is an affirmative defense and must be pled as such, however, "a motion to dismiss may be granted when a claim is barred under a statute of limitations." *Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004); Fed.R.Civ.P. 12. When it is clear from the face of the complaint that the limitation period has run, this defense may be claimed under a Rule 12(b)(6) motion to dismiss. *Id.*; *Wycoff v. Menke,* 773 F.2d 983, 984-

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

985 (8th Cir.1985). Under Missouri law, as well, the defendant has the burden to plead the statute of limitations as an affirmative defense. *Olean Associates, Inc. v. Knights of Columbus*, 5 S.W.3d 518, 521 (Mo. Ct. App. 1999); Mo. Sup. Ct. R. § 55.08. However, if it is clear from the face of the complaint that the action is barred by the applicable statute of limitations, the defense may be claimed through a motion to dismiss. *Olean*, 5 S.W.3d at 521.

Plaintiff Samantha Smith's claim for intentional infliction of emotional distress (Count V) has not been tolled by the statute of limitations. The statute of limitations for an action for emotional distress is five years. Mo. Rev. Stat. § 516.120; *Ridder v. Hibsch*, 94 S.W.3d 470, 472 (Mo. Ct. App. 2003). The two-year statute of limitations referenced by Defendant Flesner only applies when the claim for intentional infliction of emotional distress is dependent upon a claim for battery, assault, or other actions enumerated in Section 516.140.[2] *See Ridder*, 94 S.W.3d at 472; Mo. Rev. Stat. § 516.140. Plaintiff Samantha Smith has made no claims that would tie her suit to the two-year statute of limitations. The actions of which she complained occurred beginning in December 2003, and Plaintiff's complaint was filed in February, 2007, well within the five year requirement.

Even if this were not satisfied, Section 537.046 provides additional time for the filing of

---

[2] "Within two years: An action for libel, slander, assault, battery, false imprisonment, criminal conversation, malicious prosecution or actions brought under section 290.140, RSMo [failure to issue letter of dismissal]. An action by an employee for the payment of unpaid minimum wages, unpaid overtime compensation or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation, and for the recovery of any amount under and by virtue of the provisions of the Fair Labor Standards Act of 1938. . ."

Mo. Rev. Stat. § 516.140.

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

"independent civil actions for damages suffered as a result of childhood sexual abuse." Mo. Rev. Stat. § 537.046(2). This statute allows pleadings to be filed at the latter of either (1) within five years of the plaintiff's eighteenth birthday, or (2) "within three years of the date the plaintiff discovers or reasonably should have discovered that the injury or illness was caused by child sexual abuse." *Straub v. Tull*, 128 S.W.3d 157, 162 (Mo. Ct. App. 2004) (*quoting H.R.B. v. J.L.G.*, 913 S.W.2d 92, 95 (Mo. Ct. App. 1995)); Mo. Rev. Stat. § 537.046.2. Count V is not barred by the statute of limitations.

Defendant Flesner also alleges that Plaintiff Vernon Smith and Plaintiff Debra Smith's claims in Counts X and XII are barred by the statute of limitations. Defendant Flesner frames these claims as ones for loss of consortium, and asserts that these claims are therefore barred by the statute of limitations. However, Missouri courts have declined to recognize claims by a parent for loss of consortium due to an actionable injury to their child in the absence of a statute creating such a cause of action. *Powell v. Am. Motors Corp.*, 834 S.W.2d 184, 185 (Mo. 1992). There is no such statute providing for a loss of consortium claim between a parent and their child, and as a result, a claim for loss of consortium would be dismissed by this Court for failure to state a claim upon which relief could be granted.

However, the plain language of the complaint does not evidence a claim for loss of consortium. Counts X and XII of Plaintiffs' complaint are denominated as claims for the "Intentional Infliction of Emotional Distress," and the pleadings echo the elements of this tort closely enough to indicate that this truly is the claim they are bringing, and that Counts X and XII are not disguising what would otherwise be claims for loss of consortium. As discussed above, the statute of limitations for an action for the intentional infliction of emotional distress is five

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

years.  Rev. Mo. Stat. § 516.120(4); *Ridder v. Hibsch*, 94 S.W.3d 470, 472 (Mo. Ct. App. 2003). Just as Plaintiff Samantha Smith made no claims tying her suit to the two-year statute of limitations, neither are Counts X and XII based on any such claims. *See Id.*  The complaint was filed within five years of the alleged actions of Defendant Flesner in 2003 and 2004, and as a result Counts X and XII are not barred by the statute of limitations.

     **C.**     **FAILURE TO STATE A CLAIM, COUNT VII**

Defendant Flesner moves to have Count VII dismissed as it fails to state a claim upon which relief may be granted; it premises a negligence count upon intentional conduct.  It is firmly established under Missouri law that allegations of fact constituting a cause of action for an intentional tort cannot also support a claim for negligence. *McLaughlin v. Marlatt*, 246 S.W.548, 553 (Mo. 1922); *see also Martin v. Yeoham*, 419 S.W.2d 937, 945 (Mo. Ct. App. 1967) ("An act cannot be both careless and willful."); *Armoneit v. Ezell*, 59 S.W.3d 628, 633 (Mo. Ct. App. 2001) ("proof of a willful act resulting in bodily harm ... will not justify or support jury submission of the case on a hypothesis that the injury for which recovery is sought was the result of an act of negligence").

Plaintiffs allege in their Complaint that Mr. Flesner's alleged acts of sexual harassment and sexual intercourse were intentional.[3]  Accordingly, the motion to dismiss must be granted in favor

---

[3] In Count V, Plaintiff Samantha Smith alleges the tort of intentional infliction of emotional distress against Defendant Flesner.  In support of this claim it is alleged that Samantha Smith was "continually sexually harassed by Defendant continually making unwanted sexual advancements. . .[Defendant Flesner] intended the unwanted advancements." Pl.'s Compl., ¶ 42. In Count VII, Plaintiff Samantha Smith alleges that Defendant Flesner breached his duty to her.  It is claimed that the actions of Defendant Flesner "constitute a negligent tort" as Defendant Flesner "had a duty not to sexually harass and have a sexual relationship with a student." Pl.'s Compl., ¶ 50.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of Defendant Flesner on Count VII because the facts alleged in that claim also serve as the basis for Plaintiff Samantha Smith's intentional infliction of emotional distress claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Flesner's Motion to Dismiss [doc. #4] is **GRANTED in part and DENIED in part**. It is **GRANTED** as to Count VII. Count VII is **DISMISSED without prejudice**. In all other respects, the Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' request for leave to amend their Complaint to clarify Count VI is **GRANTED**. Plaintiffs must file their amended complaint on or before **September 17, 2007.** Defendant Flesner shall then have twenty (20) days thereafter to file his Answer.

Dated this 6th day of September, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com